889 F.2d 1094
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Terry HARDAGE, Plaintiff-Appellant,
v.
Michael FRANCKE, Director of the Department of Corrections;
Manfred Maass, Superintendent of the Oregon State
Penitentiary, Defendants-Appellees.
 No. 88-3912.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 30, 1989.*
Decided Nov. 29, 1989.
 Before EUGENE A. WRIGHT, TANG and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Terry Hardage appeals pro se the dismissal of his Sec. 1983 action. He claims miscalculation of his release date and seeks declaratory relief and damages. The district court construed the claim as a petition for habeas corpus and dismissed for failure to exhaust. We affirm in part and remand in part.
 
 FACTS
 
 3
 Hardage, an inmate at Oregon State Penitentiary, was sentenced on September 26, 1984 to ten years for custodial interference in the first degree, a class B felony under Oregon law. His initial parole release date was set for May 28, 1989, requiring him to serve five years before parole eligibility.
 
 
 4
 In November 1987, Hardage initiated this Sec. 1983 action, claiming that defendants had miscalculated the length of his prison term. He reasons that the five-year period between his sentencing and initial release date is subject to reduction for good behavior in prison. He bases this theory on Or.Rev.Stat. Sec. 421.120, which provides for deductions from the term of a sentence for good behavior. According to him, proper crediting of good behavior time would result in an initial parole release date of September 4, 1987, some 20 months earlier than the original date of May 28, 1989. He seeks declaratory judgment, compensatory damages, punitive damages, and attorney's fees.
 
 
 5
 The state moved for dismissal under Fed.R.Civ.P. 12(b), asserting that Hardage's claim was cognizable only as a habeas corpus petition subject to exhaustion requirements. It also argued that credit for good behavior while incarcerated may be applied only against the overall term, in this case ten years, and is inapplicable against Hardage's initial release date term of five years.
 
 
 6
 The district court, upon a magistrate's recommendation, construed the action as one for habeas corpus relief and dismissed for failure to exhaust available state remedies. Neither the merits of the claim nor the issue of money damages was discussed.[1]
 
 ANALYSIS
 
 7
 We review de novo a dismissal under Rule 12(b). Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 549 (9th Cir.1984).
 
 
 8
 Dismissal of Hardage's claim for declaratory relief was mandated by the Supreme Court's decision in Preiser v. Rodriguez. In Preiser, the Court held that:
 
 
 9
 when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.
 
 
 10
 411 U.S. 475, 500 (1972). Here, the district court correctly concluded that Hardage challenged the length of his prison term, despite his denial that he was seeking release, because the effect of a favorable declaratory judgment would mandate his release. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 682 (9th Cir.1984) ("[a]lthough he does not specifically request release, the finding of such declaratory relief in his favor would show that release was required").
 
 
 11
 Dismissal of Hardage's damage claims, however, was unwarranted. Those claims should be stayed in accordance with this Court's ruling in Young v. Kenny, No. 88-3995, slip op. 12605 (9th Cir. Oct. 11, 1989) (district court must stay prisoner's Sec. 1983 damages action for deprivation of good-time credits until state remedies are exhausted).
 
 
 12
 In short, Hardage's claims must be bifurcated. His declaratory relief claim seeks relief available only in habeas corpus and is premature for failure to exhaust state remedies. His damage claims, however, may be retained, pending exhaustion of his state remedies. Ybarra, 723 F.2d at 681-82.
 
 
 13
 The dismissal of the declaratory relief action is AFFIRMED. The damages claim is REMANDED with directions to stay, pending exhaustion of state remedies.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hardage's complaint also implicates 42 U.S.C. Sec. 1985(3), Sec. 1986, 28 U.S.C. Sec. 1343(3), and 28 U.S.C. Sec. 2202 and "invokes the pendent jurisdiction of this honorable court." Only the Sec. 1983 claim is addressed on appeal
 
 
 [2]
 On appeal, the state argues for the first time that any damage claims are barred by qualified immunity. We do not reach this affirmative defense as it is not properly before us