988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny BARNWELL, Petitioner-Appellee/Cross-Appellant,
v.
Samuel LEWIS; Arizona Attorney General,
Respondents-Appellants/Cross-Appellees.
 Nos. 92-15458, 92-15459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided March 3, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-88-00205-RGS, Roger G. Strand, District Judge, Presiding.
 D.Ariz. [APPEAL AFTER REMAND FROM, 889 F.2d 1094.]
 AFFIRMED IN PART AND REVERSED IN PART.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The state of Arizona appeals from the district court's order granting, in part, Johnny Barnwell's habeas corpus petition and ordering the Arizona trial court to conduct a new evidentiary hearing based on Barnwell's claims of newly-discovered evidence. The State contends that the district court erred in granting Barnwell's habeas corpus petition on the ground that he was denied effective assistance of counsel, at his hearing for post-conviction relief based on newly discovered evidence, because a prisoner has no federal constitutional right to counsel in a post-conviction proceeding. Barnwell cross-appeals the district court's denial of his claims that the pretrial identification procedures and the trial court's failure at his post-conviction hearing to make specific findings as required under Arizona law were constitutionally defective.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we reverse the district court's order requiring a new evidentiary hearing, and granting Barnwell's petition with respect to his claim of ineffective assistance of counsel, because a state prisoner has no federal constitutional right to effective assistance of counsel in a post-conviction proceeding. We affirm the district court's denial of his petition as to all other claims.
 
 I.
 
 4
 Barnwell was convicted on December 15, 1981 in an Arizona trial court of attempted second-degree murder and attempted armed robbery.[1] He was sentenced to ten years in prison on each count, to be served consecutively. Barnwell filed an appeal from the judgement of conviction. While the appeal was pending, Barnwell filed a motion for post-conviction relief based on newly-discovered evidence, pursuant to Rule 32.1(e) of the Arizona Rules of Criminal Procedure (Rule 32.1(e)). The Arizona Court of Appeals stayed the appeal while a hearing was conducted by the trial court on the newly-discovered evidence claim.
 
 
 5
 After holding an evidentiary hearing to determine the merits of Barnwell's newly-discovered evidence claim, the trial judge denied Barnwell's Rule 32.1(e) petition. The Arizona Court of Appeals consolidated Barnwell's appeal from this decision with his direct appeal. The court affirmed both the judgment of conviction and the denial of his Rule 32.1(e) petition. Barnwell's petition for review to the Arizona Supreme Court was denied.
 
 
 6
 Barnwell filed three federal habeas corpus petitions. The first two petitions were dismissed by the district court for failure to exhaust state remedies. Barnwell filed his third habeas petition on February 5, 1988. His only claim was that the newly-discovered evidence required a new trial. The magistrate judge recommended that the petition be denied on the ground that newly-discovered evidence which is relevant only to guilt is not a ground for federal habeas relief. In his objections to the magistrate judge's recommendation, Barnwell argued that his due process rights were violated at the state court post-conviction hearing. The district court adopted the magistrate's recommendation and denied the petition. In an unpublished memorandum disposition, we reversed and remanded. Barnwell v. Lewis, No. 88-15753 (9th Cir. Oct. 3, 1989). We ordered the district court to consider Barnwell's due process claim and to appoint counsel for him. Id.
 
 
 7
 Barnwell then filed an amendment to his habeas petition, stating the additional ground for relief that the pretrial lineups were impermissibly suggestive in violation of due process. The magistrate judge again recommended that the habeas petition be denied. The district judge denied the petition as to the pretrial identification claim, but concluded that Barnwell's petition should be granted on the ground that Barnwell was denied effective assistance of counsel at his Rule 32.1(e) proceeding for post-conviction relief.
 
 II.
 
 8
 The State contends that the district court erred in granting Barnwell's state prisoner habeas corpus petition on the ground that he was denied effective assistance of counsel in his state post-conviction proceeding. We review a district court's decision to grant or deny a petition for habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 9
 Barnwell argues that he has a constitutional right to effective assistance of counsel in a proceeding for post-conviction relief under Rule 32.1(e), because a post-conviction proceeding to determine whether there is newly-discovered evidence warranting a new trial is a "critical stage" in the criminal proceedings against him. We disagree.
 
 
 10
 The Supreme Court has ruled that an accused has a federal constitutional right to effective assistance of counsel at all "critical stages" of the criminal proceedings against him. Coleman v. Alabama, 399 U.S. 1, 7 (1970). This principle was first articulated in Powell v. Alabama, 287 U.S. 45 (1932), in which the Court recognized that an accused's constitutional right to a fair trial necessarily included the right to assistance of counsel at that trial. Id. at 69; see also Gideon v. Wainwright, 372 U.S. 335, 342 (1963) (Sixth Amendment right to counsel binding on states via Fourteenth Amendment). The Court has since extended the constitutional right to counsel to other "critical stages" of the criminal proceedings, including a preliminary hearing, Coleman, 399 U.S. at 7, a pretrial lineup, United States v. Wade, 388 U.S. 218, 236-37 (1967), sentencing, Mempa v. Rhay, 389 U.S. 128, 134-35 (1967), and the first direct appeal. Douglas v. California, 372 U.S. 353, 356 (1963).
 
 
 11
 We have extended the principles of Powell and its progeny even further, to include motions for a new trial made before the entry of the judgment of conviction. Menefield v. Borg, 881 F.2d 696, 699 (9th Cir.1989). In Menefield we held that under California law, a motion for a new trial, made before entry of the judgment of conviction, is a "critical stage" of the criminal proceeding, because "it is the defendant's last opportunity for an unconstrained review on the merits of the evidence against him." Id.
 
 
 12
 The Arizona rule that provides for a prejudgment motion for a new trial is similar to the California statute at issue in Menefield. In Arizona, a convicted person is permitted to make a motion for a new trial before entry of the judgment of conviction upon various grounds, including "[f]or any other reason not due to his own fault the defendant has not received a fair and impartial trial." Ariz.R.Crim.P. 24.1.[2] However, because Barnwell did not file a motion for a new trial under Rule 24.1, Menefield is inapposite.[3]
 
 
 13
 Instead, Barnwell filed a motion for post-conviction relief pursuant to Rule 32.1(e), eight months after the entry of the judgment of conviction.[4] At the time of Barnwell's conviction and post-conviction motion, Rule 32.1(e) permitted a convicted person to secure post-conviction relief on the ground that "[n]ewly discovered material facts exist, which ... if introduced[,] would have changed the verdict, finding or sentence." Ariz.R.Crim.P. 32.1(e)(1).
 
 
 14
 A Rule 32.1(e) motion is one for "post-conviction relief." State v. Bilke, 781 P.2d 28, 29 (Ariz.1989) (en banc); Ariz.R.Crim.P. 32 et seq. The aim of Rule 32.1 is to provide state prisoners with post-conviction relief in "the unusual situation where justice ran its course and yet went awry." State v. Carriger, 692 P.2d 991, 995 (Ariz.1984) (en banc) (citations and internal quotation marks omitted), cert. denied, 471 U.S. 1111 (1985).
 
 
 15
 Barnwell concedes in his brief filed in this court, that his Rule 32.1(e) proceeding was for "post-conviction relief guaranteed by state law...." Appellee's brief at 19-20. Nevertheless, he contends that he has a federal constitutional right to effective assistance of counsel at a state post-conviction proceeding. This argument is without merit. A state prisoner has no federal constitutional right to counsel in a state post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987).
 
 
 16
 Barnwell relies on Evitts v. Lucey, 469 U.S. 387, 401 (1985) for the proposition that while the state need not grant a prisoner access to post-conviction relief or counsel at such a proceeding, once it has done so, the Due Process Clause of the Fourteenth Amendment requires that counsel's representation must be effective. Barnwell's contention is contrary to present law. "[T]he right to effective assistance of counsel is dependent on the right to counsel itself." Evitts, 469 U.S. at 397 n. 7. As noted above, the United States Constitution does not require a state to provide appointed counsel in state post-conviction proceedings. Finley, 481 U.S. at 557. Because a state prisoner has no federal constitutional right to counsel at a post-conviction proceeding, the ineffectiveness of such representation does not violate the Federal Constitution. Harris v. Vasquez, 949 F.2d 1497, 1513-1514 (9th Cir.1991), cert. denied, 112 S.Ct. 1275 (1992); see also Finley, 481 U.S. at 559 (where state law provides for a lawyer in a state post-conviction proceeding, it is the state law, and not the Federal Constitution, that "dictates the exact form such assistance must assume."). Because Barnwell has failed to demonstrate that he is being held in custody in violation of a federal or constitutional right, Estelle v. McGuire, 112 S.Ct. 475, 480 (1991), the district court erred in granting Barnwell's federal habeas corpus petition pursuant to 28 U.S.C. § 2254.
 
 III.
 
 17
 Barnwell also argues that the pretrial photographic and corporeal lineups in this case violated due process because he was the only individual common to both lineups. Barnwell procedurally defaulted this claim by failing to present it to the Arizona Supreme Court. The district court concluded that this procedural default barred consideration of the claim.
 
 
 18
 Barnwell argues that there was cause for his procedural default because "the factual or legal basis for the claim was not reasonably available to counsel...." Murray v. Carrier, 477 U.S. 488 (1986). Barnwell bases this argument on the Ninth Circuit decisions in United States v. Portillo, 633 F.2d 1313 (9th Cir.1980), cert. denied, Montellano v. United States, 450 U.S. 1043 (1981), and United States v. Davenport, 753 F.2d 1460 (9th Cir.1985). In Portillo, which was the law in the Ninth Circuit at the time of Barnwell's petition to the Arizona Supreme Court, the court rejected an argument that it is a due process violation for a defendant to be the only individual in both a photographic and a corporeal lineup. Id., 633 F.2d at 1324. In Davenport, the court implied that two lineups with only one individual in common could violate due process where there are "further indicia of suggestiveness." Id., 753 F.2d at 1463 (failing to find a due process violation).
 
 
 19
 The law on whether such a change in the law constitutes cause for a procedural default was set out by the Supreme Court in Engle v. Isaac, 456 U.S. 107, 130-134 (1982) (rejecting claim that change in law constituted cause), and Reed v. Ross, 468 U.S. 1, 16-20 (1984) (accepting claim that change in law constituted cause). However, we need not consider whether Barnwell's claim is sufficiently novel to establish cause for his procedural default under these cases. To recognize the pretrial identification claim urged by Barnwell would require application of a new rule which is inapplicable on collateral review under Teague v. Lane, 489 U.S. 288 (1989). The fact that the law at the time of Barnwell's petition to the Arizona Supreme Court, as set out in Portillo, was directly adverse to Barnwell's claim is dispositive of the question whether the rule urged by Barnwell would be a new rule under Teague. Furthermore, neither of the two Teague exceptions applies to this claim. 489 U.S. at 311. Therefore, the district court did not err in denying Barnwell's claim regarding the pretrial identifications.
 
 IV.
 
 20
 Barnwell's final claim is that the trial court's failure to make specific factual findings at the Rule 32.1(e) hearing violated his due process rights. Arizona Rule of Criminal Procedure 32.8(d) provides that at an evidentiary hearing under Rule 32, "[t]he court shall make specific findings of fact, and state expressly its conclusions of law relating to each issue presented." The trial judge's order manifestly failed to satisfy this requirement. However, Barnwell fails to cite any authority that undermines the district court's conclusion that this violation of state law did not constitute a federal constitutional violation. See Townsend v. Sain, 372 U.S. 293, 312 (1963) ("State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution.").
 
 
 21
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 22
 RYMER, Circuit Judge, concurring in the judgment:
 
 
 23
 Assuming that Barnwell's claim is cognizable, at the end of the day I cannot say that his counsel was ineffective.[1]
 
 
 24
 There is no question Barnwell's evidence of factual innocence is compelling: a confession by someone else, while alive, to four of his friends who had no connection to Barnwell, that he had gone to a convenience store, picked up a carton of milk, set it on the counter, tried to rob the clerk but shot her through the milk carton, on the same night of the robbery for which Barnwell was convicted. I was not on the spot and did not hear the evidence at the trial or at the new trial hearing, but from afar it is a troubling call the trial judge made. It cannot be that there are that many incidents where someone with brown eyes who has a beanie cap confesses while alive to friends unrelated in any way to the person convicted that he tried unsuccessfully to rob the clerk at a convenience store and ended up shooting her with a 9mm automatic through a milk carton on August 29, 1981 in Phoenix, Arizona.
 
 
 25
 However, a claim of factual innocence does not afford a basis for federal habeas corpus relief absent an independent constitutional violation. Herrera v. Collins, --- U.S. ----, 61 U.S.L.W. 4108, 4111-12 (1993).[2] Barnwell's attempt to fashion such a hook on account of ineffective assistance of counsel ultimately fails because all of the facts necessary to support a new trial were before the Arizona courts. I cannot say, therefore, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 26
 Four witnesses testified to Balady's confession. The only place counsel arguably fell down was in being unable to elicit from Christopher on the stand that Balady had told her he shot the clerk through the milk carton.[3] However, all other pertinent details--including the fact that Balady had set a carton of milk on the counter before shooting--were testified to orally; and Christopher's statement to the police that Balady had told her he shot through the milk carton was in the record as an exhibit to the petition. Thus, even if the most effective counsel might have figured out a way to have Christopher testify about the shot having been made through the milk carton, and to highlight that particular fact by argument, all of the facts which could have shown a probability of a different verdict were, in some form or other, before the court.
 
 
 27
 Counsel's failure to elicit testimony from Christopher about Balady's shooting through the milk carton cannot in any event have prejudiced Barnwell, because the court of appeals specifically noted (from the exhibit) that Balady told Christopher "that the shot went through the carton of milk on the counter" but nonetheless upheld the trial court's rejection of Barnwell's petition. It is therefore apparent that the state courts fully considered the material evidence.
 
 
 28
 Because it is not for the federal courts to second guess that evaluation, 28 U.S.C. § 2254(d), we must reverse.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Barnwell was convicted on April 14, 1982 of armed robbery in connection with a separate incident on September 7, 1981. He was sentenced to 20 years in prison, to be served concurrently with his sentence in the present case. Barnwell does not challenge this later conviction in the present habeas corpus action
 
 
 [2]
 Rule 24.1 of the Arizona Rules of Criminal Procedure, which governs motions for a new trial and was in effect at the time of Barnwell's conviction and post-conviction motion, provides in pertinent part as follows:
 When the defendant has been found guilty by a jury or by the court, the court on motion of the defendant, or on its own initiative with the consent of the defendant, may order a new trial.... A motion for a new trial shall be made no later than 10 days after the verdict has been rendered.
 Ariz.R.Crim.P. 24.1.
 
 
 [3]
 We also note that Rule 24.2 of the Arizona Rules of Criminal Procedure permits a defendant to file a motion to vacate the judgment based on newly-discovered evidence, if he acts within sixty days after the entry of the judgment, and before the direct appeal becomes final. This rule was also in effect at the time of Barnwell's conviction and post-conviction motion. Barnwell did not file a motion to vacate the judgment pursuant to Rule 24.2. Thus, we need not decide whether a motion to vacate a judgment under Arizona law is a critical stage in the criminal proceedings against an accused
 
 
 [4]
 The judgment of conviction was entered on February 11, 1982. Barnwell filed his Rule 32.1(e) motion for post-conviction relief on October 28, 1982
 
 
 [1]
 As we hold, the district court properly denied Barnwell's due process claims based on pretrial lineups and the trial court's failure to make specific factual findings
 
 
 [2]
 The Supreme Court in Herrera did "assume, for the sake of argument ..., that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." 61 U.S.L.W. at 4115. Nevertheless, there is no reason to suppose that the Court intended these dicta to extend a non-capital case like the present one
 
 
 [3]
 She testified to everything else but, and then the following exchange occurred:
 Q [Barnwell's counsel]: Did Mark [Balady] talk to you about this thing, this situation, this crime any more than that?
 A [Christopher]: You mean did he tell me more details?
 Q: Yes.
 A: No.